Argued and submitted June 29, affirmed December 19, 1990

POLK COUNTY DEPUTY SHERIFF'S
ASSOCIATION,
*Respondent,*

*v.*

POLK COUNTY;
Polk County Board of Commissioners;
and Polk County Sheriff,
*Petitioners.*

(UP-14-89; CA A62008)

802 P2d 1301

Lester V. Smith, Jr., Portland, argued the cause for petitioners. With him on the brief was Bullard, Korshoj, Smith & Jernstedt, P.C., Portland.

William J. Gibbons, Portland, argued the cause for respondent. With him on the brief was Aitchison, Snyder & Hoag, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

This is a judicial review of an Employment Relations Board (ERB) decision. We affirm.

Petitioners are Polk County, Polk County Board of Commissioners and the Polk County Sheriff (collectively, County). Respondent is the Polk County Deputy Sheriff's Association (Association). County and Association were unable to agree on the terms of a collective bargaining agreement. They submitted their dispute to arbitration. The arbitrator took notes, but did not record the proceedings in a way that allowed a verbatim transcript to be produced. During a break in the first day of the hearing, counsel for County became aware that the arbitrator was not taping the hearing, but said nothing and submitted no written objections during the remainder of the three-day hearing.

The arbitrator issued his award and order. County refused to comply with the award and refused to sign Association's proposed collective bargaining agreement that purported to incorporate the substance of the arbitrator's award. Association filed an unfair labor practice complaint; a hearing was held before an ERB Board Agent. County argued, *inter alia,* that the award was not supported by substantial evidence. The agent concluded that *former* OAR 115-40-015(10) required a verbatim record of the arbitration hearing. Because no verbatim transcript was available, he recommended that the matter be remanded for another hearing. County and Association filed objections with ERB, which concluded that a verbatim record was necessary, that County had waived any right to object to the arbitrator's failure to record the hearing and that remand was not necessary. It affirmed the arbitrator's award. County petitioned for review in this court.

■ The first issue is whether the administrative rule in effect at the time of the hearing required the arbitrator to record the hearing by a means capable of producing a verbatim transcript. ERB and its agent agreed that it did. So do we. *Former* OAR 115-40-015(10) provided:

"The Arbitration decision shall be final and binding upon the parties if based on the factors set forth in section (8) of this rule and if supported by competent, material and substantial evidence on the whole record of the arbitration hearing. *The arbitrator(s) shall cause to be made a record of all testimony,*

*by tape recording or other method.* The arbitrator(s) shall maintain custody of such record, along with all other evidence produced by the parties, for at least one hundred and eighty (180) days after the date of the arbitration decision." (Emphasis supplied.)

The plain language of the rule obligated the arbitrator[1] to make a record of "all testimony." A particular method is not mandated, but "tape recording" is one that is explicitly approved. Review for substantial evidence requires a verbatim transcript. Notes, even detailed ones, cannot fulfill the requirement of the rule.

 The agent concluded that County had not waived its right to object to the failure of the arbitrator to record the hearing. ERB disagreed, relying on OAR 115-40-015(7)(q), which provides:

"Any party who proceeds with arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state his/her objection thereto in writing, shall be deemed to have waived his/her right to object."

On the basis of testimony before the agent, ERB found that County

"knew, no later than the first hours of the hearing, that a verbatim record was not being made. The County proceeded with [two and one-half more days of] arbitration in spite of that knowledge, and made no objection in writing or otherwise. A party that objects to the lack of a verbatim record in arbitration is 'claiming an error in procedure.' *AFSCME v. Executive Dept.,* 52 Or App 457, 472, 628 P2d 1228[, *rev den* 291 Or 771] (1981). The County waived, by its silence, its procedural objection, under the terms of OAR 115-40-015(7)(q)." (Footnotes omitted.)

We agree with ERB.

Because there was no verbatim record on which to base a review for substantial evidence, the agent recommended that the matter be remanded for a new hearing. ERB concluded that remand to an arbitrator is not required and enforcement of an award is permitted in the face of a substantial evidence objection in those cases in which a party has

---

[1] The present version of the rule shifts that obligation to the parties.

waived its objection to a failure of the arbitrator to make a verbatim record. We agree.

County argues that ERB cannot, by its rules, take away its right to have its substantial evidence objections reviewed by ERB and the courts. ERB has not taken away that right. County waived it by failing to object to the arbitrator's failure to make an adequate record for review in the manner specified by rule. *See AFSCME v. Executive Dept., supra,* 52 Or App at 485-86.

Affirmed.